IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-13-0534 |
| DERRICK DEANDRE CHAPMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Derrick Deandre Chapman's Motion to Reduce Sentence Pursuant to Amendment 821. (ECF No. 57.) The Motion will be denied.

Amendment 821, which was given retroactive effect, is a multi-part amendment. As relevant here, Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

The Court has reviewed the record in this case. Chapman's pre-plea report indicates that he committed the instant offense while on probation and therefore received two "status points." However, the record in this case reflects that his criminal history category was ultimately based on his status as a career offender.

Because his criminal history calculation was based on his status as a career offender, rather than on his criminal history points, Chapman cannot avail himself of Part A of Amendment 821. *See United States v. Smith*, Crim. No. 19-312-MOC-DCK, 2024 WL 253659, at *2 (W.D.N.C. Jan. 23, 2024) ("And while the probation office assessed Smith two criminal history points for committing his offense while under a criminal justice sentence those two points did not alter Smith's criminal history category or guideline range. Instead, Smith's criminal history category

and guideline range were dictated by his career offender status."); *United States v. Williams*, Crim. No. 20-91-01, 2024 WL 947841, at *2 (S.D. W. Va. Mar. 5, 2024) ("Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender.").

Accordingly, it is ORDERED that Chapman's Motion (ECF No. 57) is DENIED.

DATED this __4__ day of April, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge